UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

```
=============================================
                                              )
In re:                                        ) Chapter 7
        DOUGLAS R. LEVINGS,                   ) No. 09-10206 –WCH
                        Debtor                )
                                              )
=============================================
                                              )
        DOUGLAS R. LEVINGS,                   )
                        Plaintiff             )
                                              )
                v.                            ) A.P. No. 09-01078
                                              )
        SOVEREIGN BANK,                       )
                        Defendant             )
                                              )
=============================================
```

DECISION ON SOVERIGN BANK'S
MOTION FOR RECONSIDERATION

On June 20, 2011, I denied in part the motion for summary judgment of Sovereign Bank, defendant and counter-claimant herein ("Sovereign").[1] On March 8, 2012, Sovereign moved for reconsideration of that order.[2] Debtor filed an opposition to reconsideration on March 12, 2012.[3] I held a hearing on the motion for reconsideration on April 13, 2012, and took it under advisement.[4] I now deny the motion for reconsideration.

---

[1] Adversary Proceeding #09-01078 ("A.P."), Docket No. 72.
[2] A.P., Docket No. 78.
[3] A.P., Docket No. 80
[4] A.P., Docket No. 84.

1

*Discussion*

Douglas R. Levings ("Debtor") filed a voluntary petition under Chapter 11 on January 13, 2009.[5] On February 27, 2009, he filed this adversary proceeding against Sovereign and Lake Winnesquam Realty Trust ("LWRT"), seeking to avoid preferential attachments against property of the Debtor made within 90 days of the filing of the Chapter 11 petition.[6]

Sovereign filed a disingenuous responsive pleading.[7] As to the allegations of the complaint itself, it admitted having obtained multiple attachments "but is without knowledge or information sufficient to form a belief regarding the truth of the dates of the attachments."[8] As affirmative defenses it proffered failure to state a claim upon which relief may be granted, lack of consideration, unjust enrichment, estoppel, waiver, unclean hands, and laches.[9] It also "reserves the right to assert any other Affirmative Defenses it discovers in the course of this litigation."[10] It then continued with its counterclaims, as will be discussed below.

Given the extremely limited nature of the relief sought in the complaint, I could easily envision substantial Rule 9011 sanctions against Sovereign and its counsel for merely filing most of these affirmative defenses, but, fortunately for all of us, the issue is moot. At a hearing held on October 16, 2009, I entered judgment for the plaintiff,

---

[5] Case No. 09-10206 (the "Principal Case"), Docket No. 1. On March 4, 2010, the United States Trustee moved to convert the Principal Case to Chapter 7 or dismiss it. Principal Case, Docket No. 68. I held a hearing on the motion on April 16, 2010, and converted the case to Chaper 7. *Id.*, Docket No. 78. I add this information only because Donald Lassman, appointed as Chapter 7 Trustee, *Id.* at 81, took no part in the adversary proceeding.
[6] A.P., Docket No. 1.
[7] A.P., Docket No. 7. The answer of LWRT effectively admitted the allegations of the complaint. A.P., Docket No. 8.
[8] A.P., Docket No. 7, Answer ¶¶ 3-4.
[9] A.P., Docket No. 7, Affirmative Defenses 1-7.
[10] A.P., Docket No. 7, Affirmative Defense 8.

holding that the Sovereign and LWRT liens were preferential.[11]  This left Sovereign's counterclaims outstanding.

*The Counterclaims*

In addition to its answer and affirmative defenses, Sovereign also filed counterclaims "arising from the Defendant in Counterclaim/Plaintiff's breach of contract, misrepresentation, and fraud involving obligations arising from a personal Guaranty given by Douglas R. Levings ("Levings") to Sovereign Bank to secure performance of a $2,500,000 Term Note given by Hawkeye Management, Inc."[12]  Sovereign continues: "These Counterclaims are further based on misrepresentations made by Levings in a Personal Financial Statement he submitted to Sovereign Bank under the penalties of perjury."[13]

Count I of the Counterclaim merely recites that Debtor owes "in excess of $1,000,000.00" on the guaranty.[14]  Debtor does not deny the fact of indebtedness on the guaranty; he only disputes the amount.[15]  Debtor asserts that the shortfall in the proceeds of the foreclosure sale resulted from a substantial snow storm on the date of the sale which prevented adequate participation.[16]

Based upon this admission, I granted summary judgment as to liability on the guaranty but not as to the amount of the claim.[17]  This ruling is actually much ado about nothing as it finds on a point which is not in dispute.  I could not rule on the amount of the claim as Sovereign did not introduce any evidence to support its position, and

---

[11] A.P., Docket No. 37.
[12] A.P. Docket No. 7, pg. 2.
[13] *Id.*, pg.3.
[14] *Id.*, Counterclaims, ¶ 19.
[15] Transcript of Hearing on Motion for Summary Judgment, June 17, 2011 ("Trans."), p 5.
[16] Answer of Defendant in Counterclaim Douglas Levings, A.P. Docket No. 43 ("Answer"), ¶¶ 10-11.
[17] Trans. p. 5, lines 23-25.

Debtor did not present any evidence regarding the amount of snow which is necessary to chill a sale.

Count II asserts "§523 – Exception to Discharge – Fraud, False Pretenses & Fraudulent Transfer" without specifying what portions of § 523 are invoked. However, the detailed allegations of that count assert that Debtor submitted a materially false and misleading personal financial statement to Sovereign in 2007.[18] As to the fraudulent transfer, Sovereign alleges that, at his § 341 meeting, Debtor testified that he had transferred property to his father without consideration in September 2008, and that conveyance "qualifies as a fraudulent transfer."[19]

The relief sought in Count II is that "this Court deny Levings' Petition, enter judgment on its behalf against Levings under his Guaranty and for fraud in connection with representations made by Levings in his [Personal Financial Statement]."[20]

I gather that Sovereign is very inartistically asking me to deny Debtor's discharge, although it does not invoke § 727, and I am not about to do so under the present stage of pleadings. I further assume that Sovereign is claiming that Debtor's liability under the guaranty is nondischargeable under § 523(a)(2)(B)[21] although it never

---

[18] *Id.*, Counterclaims, ¶¶ 22, 27.
[19] *Id.*, Counterclaims, ¶ 34.
[20] *Id.*, pg. 8.
[21] "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt---

\* \* \*

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by---

\* \* \*

    (B) use of a statement in writing---
        (i) that is materially false;
        (ii) respecting the debtor's or an insider's financial condition;
        (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
        (iv) that the debtor caused to be made or published with intent to deceive. . . ."

4

says so specifically. At the hearing I pointed out to Sovereign's counsel that the financial statement referenced in its motion was given to it more than a year after the loan was made.[22] He acknowledged that fact but asserted that the financial statement relied upon in the motion "was the most recent one that would correspond most closely to his petition at this point in time and that just shows the continuing misstatements and omissions that he had on the [financial statement] at that time."[23] In brief, I told Sovereign that it could not rely on a subsequent financial statement to support their motion for summary judgment, and I denied summary judgment as to Count II of the Counterclaim.[24] An order containing this decision was entered on June 20, 2011.[25]

In my colloquy with Debtor's counsel at the hearing on Sovereign's summary judgment motion, I had told him that if there were in fact earlier financial statements not in Sovereign's motion, then Sovereign might have a claim for nondischargeability. I concluded: "Maybe, but I haven't seen it yet."[26] Sovereign took this remark as an invitation (which I certainly did not intend) to submit evidence of earlier financial statements after the hearing. I have carefully reviewed the transcript of that hearing (no major task as it is less than six pages) and find no such invitation.

In any event, on July 29, 2012, Sovereign electronically filed a "Supplemental Exhibit" regarding my order denying summary judgment.[27] In reality, this supplemental exhibit was a letter from Sovereign's counsel stating:

> This letter is to provide you with a follow-up with documentation requested at the June 17, 2011 hearing held on Sovereign Bank's Motion for

---

[22] Trans., p. 4, lines 1-2.
[23] *Id*., p4, lines 11-14.
[24] *Id*., pp. 5-6, line 25*ff*.
[25] A.P., Docket No. 72.
[26] Trans., p. 5, lines 16-17.
[27] A.P., Docket No. 74.

>   Summary Judgment. . . . At the hearing, you requested that Sovereign provide the court with the Personal Financial Statement ("PFS") of the Debtor that was executed in conjunction with the loan documents. . . .[28]

Of course, I did no such thing. I was simply pointing out (to Debtor's counsel, as it happens) that if Sovereign could turn up an earlier false financial statement, it might prevail on the merits. Because I had already denied summary judgment five weeks earlier and the supplemental exhibit was neither a pleading nor requested any relief, I ignored it.

After that, there was silence until the Court issued a notice of inactivity on February 9, 2012.[29] That action inspired the filing of the present motion. As excuse for the inaction Sovereign asserts:

>   Sovereign Bank ("Sovereign") believed that this Court was reviewing the additional evidence it submitted pursuant to this Court's request at the hearing on Sovereign's Motion for Summary Judgment held on June 17, 2011. To date the Court has not issued a final ruling with respect to such additional evidence. Therefore, Sovereign files this Motion for Reconsideration of its Motion for Summary Judgment filed on May 11, 2011, establish the amount of Sovereign's claim or in the alternative, set a trial date.[30]

Sovereign's premise, as noted above, is faulty. A final order has in fact been entered.

Sovereign has still failed to demonstrate cause for reconsideration. Section 523(a)(2)(B) of the Bankruptcy Code provides that a debt is nondischargeable if obtained by "use of a statement in writing-- (i) that is materially false; (ii) respecting the debtor's . . . financial condition; on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused

---

[28] *Id.*
[29] A.P., Docket No. 76.
[30] A.P., Docket No. 78, p. 1.

6

to be made or published with intent to deceive."[31]  My denial of summary judgment on Count II was premised solely on Sovereign's failure to satisfy the first element of the cause of action by providing a financial statement that predated the extension of credit. Even if I construe this new financial statement as supplementing its motion for summary judgment, Sovereign still failed to demonstrate that it was materially false, made with the intent to deceive, and that its reliance was reasonable.  Accordingly, the motion fails the test for reconsideration.[32]

*Conclusion*

To make matters explicitly clear, the motion for summary judgment has been granted only to the limited extent noted and is otherwise denied.  Reconsideration is denied.  A preliminary pretrial order will be issued and a pretrial conference scheduled in ordinary course.

*[signature: William C. Hillman]*

_____
William C. Hillman
United States Bankruptcy Judge

May 7, 2012

Counsel appearing:
    Dennis C. Carter, Valerie S. Carter, Carter & Doyle, Lexington MA
        For Sovereign Bank
    J. Alexander Watt, Barnstable MA, for Douglas R. Levings

---

[31] 11 U.S.C. § 523(a)(2)(B). See Sampson Lumber Co., Inc. v. Tucci (In re Tucci), 462 B.R. 278, 282-283 (Bankr. D. Mass. 2011).

[32] In re Wedgestone Fin., 142 B.R. 7 (1992).